IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WESLEY SCOTT DREYMALA,                    §
                                          §
          *Plaintiff*,                    §
                                          §
v.                                        §          CIVIL ACTION H-13-1523
                                          §
LARRY R. FAULKNER, *et al.*,              §
                                          §
          *Defendants*.                   §

### ORDER OF DISMISSAL

Wesley Scott Dreymala, a state inmate proceeding *pro se*, filed this section 1983 lawsuit complaining of violations of his civil rights.  He acknowledges in his complaint that he did not exhaust his administrative remedies through the prison grievance system prior to filing this lawsuit.  (Docket Entry No. 1, p. 3.)  As such, this cause of action is subject to dismissal for failure to exhaust the administrative grievance process.

Under the Prison Litigation Reform Act of 1996 (PLRA), an inmate is required to exhaust administrative remedies for all actions brought with respect to prison conditions before filing a civil rights suit in federal court under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a).  The Supreme Court has emphasized that section 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions.  *See Woodford v. Ngo*, 548 U.S. 81 (2006).  Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil

rights lawsuit related to prison conditions.  *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

A district court may "dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).  Because plaintiff admits in his complaint that he did not exhaust all steps of the grievance process prior to filing this lawsuit, this lawsuit must be dismissed.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE for failure to state a claim predicated on failure to exhaust.  Any and all pending motions are DENIED AS MOOT.  This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas on May 30, 2013.

_____
Gray H. Miller
United States District Judge